

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00224-CV
_____

**LANDRY ROBERT LLOYD, APPELLANT**

**V.**

**KACY JEANNE HENSLEY, APPELLEE**

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2016-519,987; Honorable Les Hatch, Presiding

July 3, 2018

## ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal relates to an *Order of Enforcement* following entry of a *Final Decree of Divorce* between Appellant, Landry Robert Lloyd, and Appellee, Kacy Jeanne Hensley, that was previously appealed to this court. The issues from the previous appeal related

to the trial court's award of certain personal property to Kacy as her separate property. In that prior appeal, this court affirmed the decree of divorce on September 26, 2017.[1]

Subsequent to this court's decision, Kacy filed, in the trial court, a *Motion for Enforcement of Property Division*. When Landry failed to appear at the hearing on Kacy's motion, the trial court found that good cause existed for granting the motion and, on May 3, 2018, signed an *Enforcement Order* directing Landry to deliver specific property to Kacy. Landry has now appealed that order to this court.

Several weeks after filing his appeal, Landry filed, in this court, a *Motion to Suspend Enforcement Pending Appeal* seeking to suspend enforcement of the *Enforcement Order* and stay further proceedings, pending disposition of this appeal. *See* TEX. R. APP. P. 24.1(a). Landry offered to post a bond pursuant to Rule 24.1(a) should "this court set one." Rule 24.1(a)(2), however, provides for suspension of enforcement of a judgment by "filing with the trial court clerk a good and sufficient bond." Under Rule 24.2(a)(2), when the judgment is for recovery of an interest in personal property, the amount of the bond is determined by the trial court, not this court. By her response to Landry's motion, Kacy agrees that Landry should post bond pursuant to an order from the trial court. Consequently, we abate this appeal and remand the cause to the trial court for further proceedings to determine the amount of the bond necessary for suspension of enforcement pending the outcome of this appeal.

---

[1] *See Lloyd v. Hensley,* No. 07-16-00417-CV, 2017 Tex. App. LEXIS 8479, at *8 (Tex. App.—Amarillo Sept. 6, 2017, pet. denied) (mem. op.).

Upon remand, the trial court shall, by whatever means necessary, enter an order setting the type and amount of security that Landry must post to suspend the *Enforcement Order* of May 3, 2018, while the appeal from that order remains pending in this court. The trial court shall cause a supplemental clerk's record containing its order setting bond and any other necessary orders related to this matter to be filed with the clerk of this court on or before July 30, 2018.

All appellate deadlines are suspended pending the trial court's determination of the amount of bond to be posted by Landry and reinstatement of this appeal.

It is so ordered.

Per Curiam